NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LETICIA ALLEGRETTI CARDONE, | : | |
| Plaintiff, | : | Civil Action No. 15-5063 (SRC) |
| v. | : | **OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

**CHESLER, District Judge**

This matter comes before the Court on the appeal by Plaintiff Leticia Allegretti Cardone ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be vacated.

In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning October 8, 2011. A hearing was held before ALJ Eric W. Borda (the "ALJ") on October 22, 2013, and the ALJ issued an unfavorable decision on December 18, 2013, finding Plaintiff not disabled. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

In the decision of December 18, 2013, the ALJ found that, at step three, Plaintiff did not

meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform sedentary work, with certain limitations. At step four, the ALJ also found that Plaintiff did not retain the residual functional capacity to perform her past relevant work. At step five, the ALJ consulted a vocational expert and concluded that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff was not disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on two grounds: 1) the ALJ should have given controlling weight to Plaintiff's treating physicians; and 2) the ALJ should not have found Plaintiff capable of sedentary work.

At step four, the ALJ's explanation of the residual functional capacity determination takes less than a page. The ALJ found Plaintiff to be "partially credible," suggesting that her symptoms are not as severe as she alleges. (Tr. 24.) The ALJ's discussion of the medical evidence appears in the following two paragraphs. In the first, the ALJ states: "As for the opinion evidence, great weight is given to state agency medical consultant Raymond Briski because he formed his opinion with the benefit of having reviewed the evidence in the file." (Tr. 24.) In the second paragraph, the ALJ states:

> Little weight is given to Olga Benitez, M.D., because despite the fact that she is the claimant's treating physician, his [*sic*] opinion is inconsistent with the medical evidence as a whole and the activities to which the claimant stated that she participates in (2F). According to Dr. Benitez, the claimant has difficult handling, pushing/pulling, crouching, standing and sitting; however, she is able to handle the physical rigors of driving daily, cooking meals, and cleaning the laundry at a location several blocks away from her home (2F, SSA hearing).

(Tr. 24.)

Plaintiff argues that the ALJ erred by not giving controlling weight to the opinions of Plaintiff's treating physician, Dr. Benitez, and her treating chiropractor, Dr. Pace. In opposition, the Commissioner makes two arguments. As to Dr. Benitez, the Commissioner contends that the opinion was entitled to little weight because it was a checklist,[1] and because it was inconsistent with both the medical evidence as a whole, and Plaintiff's statements about her daily activities. As to Dr. Pace, the Commissioner repeats this argument, adding that a chiropractor is not an "acceptable medical source" under the Regulations.

In <u>Plummer v. Apfel</u>, the Third Circuit concisely summarized the principles relevant to this case:

> [A]n ALJ is not free to employ her own expertise against that of a physician who presents competent medical evidence. When a conflict in the evidence exists, the ALJ may choose whom to credit but cannot reject evidence for no reason or for the wrong reason. The ALJ must consider all the evidence and give some reason for discounting the evidence she rejects.
>
> Treating physicians' reports should be accorded great weight, especially when their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time. An ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, but may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided.

<u>Plummer v. Apfel</u>, 186 F.3d 422, 429 (3d Cir. 1999) (citations omitted). The ALJ's residual functional capacity determination does not follow even one of these quoted principles.

Most significantly, the ALJ's explanations for his weighting of the evidence are

---

[1] In fact, the record shows that the Social Security Administration sent Dr. Benitez a questionnaire form, which she filled out, which contains both short answers and checklists. (Tr. 260-63.)

3

insufficient.  The statement that he gave controlling weight to Dr. Briski's opinion because Dr. Briski had reviewed the file is not a sufficient explanation under any circumstances, and certainly not when weighting it more heavily than two treating professionals.  In addition, the ALJ's explanation for giving Dr. Benitez's opinion little weight is problematic for two reasons.  First, it looks like the  ALJ rejected the treating physician's opinion on the basis of his own medical opinion.  The ALJ cannot discount medical opinions based on his own analysis of the medical evidence.  This is absolutely forbidden under Third Circuit law: "By independently reviewing and interpreting the laboratory reports, the ALJ impermissibly substituted his own judgment for that of a physician; an ALJ is not free to set his own expertise against that of a physician who presents competent evidence."  Ferguson v. Schweiker, 765 F.2d 31, 37 (3d Cir. 1985).  Here, the ALJ impermissibly credited his own analysis of the Plaintiff's statements of her daily activities more than the opinion of a treating physician.  This alone provides a basis for vacating the ALJ's decision.

>    Second, the Third Circuit has also held:
>
>    In choosing to reject the treating physician's assessment, an ALJ may not make speculative inferences from medical reports and may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation or lay opinion.

Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000).  The ALJ did not reject Dr. Benitez's opinion on the basis of contradictory medical evidence but, rather, on the basis of his own lay opinion.

Moreover, the ALJ was not free to ignore the medical evidence from Dr. Pace.  The Commissioner suggests that, because the Regulations categorize chiropractors in "other medical sources" rather than "acceptable medical sources," it was not error for the ALJ to ignore this

treating professional's evidence.  Again, the Third Circuit has held: "The ALJ must consider all the evidence and give some reason for discounting the evidence she rejects." Plummer, 186 F.3d at 429.  This mandate is unambiguous.  The ALJ did not follow it.

In sum, Plaintiff submitted reports from two treating medical professionals supporting substantial restrictions on her residual functional capacity.  The ALJ ignored one of them, independently reviewed and rejected the medical findings of the other, and weighted most heavily the opinion of a third, non-treating physician for the sole reason that he reviewed the file.  This Court cannot conclude that the ALJ's determination is supported by substantial evidence.

The ALJ's residual functional capacity determination at step four does not comport with Third Circuit law.  For the foregoing reasons, this Court finds that the Commissioner's decision is not supported by substantial evidence, and the Commissioner's decision is vacated and remanded for further proceedings in accordance with this Opinion.

                                                                                      s/ Stanley R. Chesler
                                                                      STANLEY R. CHESLER, U.S.D.J.

Dated: August 23, 2016